United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLAN LOVETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3574 |
| | § | |
| HARRIS COUNTY DEPARTMENT | § | |
| OF EDUCATION, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Harris County Department of Education's Motion to Dismiss and Strike Plaintiff's Third Amended Complaint Pursuant to Rules 15(a)(2) and 41(b). (Docket Entry No. 21) Although the motion was filed on March 18, 2021, plaintiff, Allan Lovett, has not responded to it.

### I. Background

Plaintiff, Allan Lovett ("Plaintiff"), is an African American male who resides in Houston, Texas.[1] Defendant Harris County Department of Education ("HCDE") employed Plaintiff to work in the gymnasium of one of the schools it operates in Harris County, Texas.[2] On or about March 30, 2020, Plaintiff filed a Charge of

---

[1] Plaintiff's 3rd Amended Complaint, Docket Entry No. 19, pp. 1-2 ¶ 3. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] Id. at 2 ¶ 7 and 4 ¶ 15.

Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging he was subject to discriminatory treatment, retaliation, and a hostile work environment based on his race (African American/Black), gender (male), disability (anxiety), and nationality (African American).[3] On August 25, 2020, the EEOC issued a Right to Sue Notice authorizing Plaintiff to initiate the present action.[4]

Plaintiff filed this action on October 19, 2020, against HCDE and Donna Trevino-Jones (the school principal) asserting claims for discrimination and retaliation in violation of Title VII and violations of the Family Medical Leave Act and Americans With Disabilities Act.[5] He filed an Amended Complaint on December 22, 2020, dismissing Trevino-Jones as a defendant.[6] HCDE filed a motion to dismiss the original complaint[7] and on January 14, 2021, filed an amended motion to dismiss the First Amended Complaint.[8]

---

[3] Id. ¶ 8.

[4] Id. ¶ 9.

[5] Plaintiff's Original Complaint, Docket Entry No. 1, p. 2 ¶ 8.

[6] Plaintiff's Amended Complaint ("First Amended Complaint"), Docket Entry No. 6, pp. 1-2.

[7] Harris County Department of Education and Donna Trevino Jones' Motion to Dismiss Plaintiff's Original Complaint Pursuant to Rule 12(b)(6) ("Motion to Dismiss"), Docket Entry No. 9.

[8] Harris County Department of Education's Amended Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6), Docket Entry No. 12.

Two days later, Plaintiff filed a second amended complaint that was substantively identical to the First Amended Complaint.[9]

At the initial pretrial and scheduling conference on January 29, 2021, having reviewed Plaintiff's 2nd Amended Complaint, the court granted HCDE's 12(b)(6) Motion because Plaintiff's Second Amended Complaint failed to satisfy the requirements of Rule 12(b)(6). The court also noted that Plaintiff's response to HCDE's motion was "perfunctory" and did not address HCDE's arguments. The court stated that "Plaintiff may file "a *Motion* for Leave to Amend and a *Proposed* Amended Complaint by February 26, 2021" (emphasis added).[10] The Order further stated that Plaintiff's "*motion* must cite relevant authority regarding each cause of action that Plaintiff seeks to allege, and must include a representation by Plaintiff's Counsel pursuant to [Fed. R. Civ. P.] 11(b)(2)" (emphasis added).[11]

Plaintiff filed his third amended complaint on February 26, 2021.[12] HCDE filed a motion to dismiss and strike Plaintiff's third

---

[9]Plaintiff's 2nd Amended Complaint, Docket Entry No. 13.

[10]January 29, 2021, Hearing Minutes and Order, Docket Entry No. 17.

[11]Id. Rule 11(b)(2) provides that an attorney presenting a pleading or motion to the court certifies that it is not brought for any improper purpose, is warranted by existing law or nonfrivolous arguments regarding the law, and the factual contentions are supported by evidence.

[12]Plaintiff's 3rd Amended Complaint, Docket Entry No. 19.

amended complaint on March 18, 2021.[13] HCDE argues that Plaintiff (1) failed to comply with the court's pleading instructions and Rule 15(a)(2) by filing the Third Amended Complaint without first filing a motion for leave to amend; (2) failed to include a representation by counsel that the pleading complies with Rule 11(b)(2); (3) failed to cite relevant authority supporting the elements of his claim; and (4) filed a Third Amended Complaint identical to the Second Amended Complaint and thus it must be dismissed for failure to state a claim as the court ruled on January 29, 2021.[14] Plaintiff has not responded to the Motion to Dismiss.

## II. Legal Standards

### A. Rule 41

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss a case for failure to prosecute or failure to comply with federal rules or court orders. Boudwin v. Graystone Insurance Company, Ltd., 756 F.2d 399, 401 (5th Cir. 1985). The court has discretion to dismiss a case under Rule 41(b) with prejudice. Id.; Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Dismissal with prejudice is a severe sanction and thus is

---

[13]Harris County Department of Education's Motion [to] Dismiss and Strike Plaintiff's Third Amended Complaint Pursuant to Rules 15(a)(2) and 41(b) ("Motion to Dismiss"), Docket Entry No. 21.

[14]Id. at 1; January 29, 2021, Hearing Minutes and Order, Docket Entry No. 17.

-4-

appropriate only when there is a clear record of delay or contumacious conduct by the plaintiff and lesser sanctions would be ineffective. Id.; see also Price v. McGlathery, 792 F.2d 472, 474 (holding the district court did not abuse its discretion by dismissing the claim). Aggravating factors that justify dismissal with prejudice include (1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the defendant. Berry, 975 F.2d at 1191.

B.   Rule 12(b)(6)

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion to dismiss. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. Alexander v. AmeriPro Funding, Inc., 848 F.3d 698, 701 (5th Cir. 2017) (citing Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. Iqbal, 556 U.S. at 678-79.

Although granting leave to amend a deficient complaint is generally favored, the court need not grant leave when doing so would be futile and plaintiff has already had an opportunity to put forth his best case after being apprised of the insufficiency of the complaint. <u>Wiggins v. Louisiana State University-Health Care Services Division</u>, 710 F. App'x 625, 627 (5th Cir. 2017); <u>Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n</u>, 751 F.3d 368, 378 (5th Cir. 2014) (district court did not abuse discretion by denying plaintiff third opportunity to state a claim because court was satisfied that the defects could not be cured).

### III. <u>Analysis</u>

Dismissal of Plaintiff's 3rd Amended Complaint with prejudice pursuant to Rule 41(b) is warranted because Plaintiff failed to comply with the court's Order in three crucial ways: (1) Plaintiff did not file a motion for leave to file his proposed 3rd Amended Complaint; (2) Plaintiff failed to cite relevant authority for each cause of action he seeks to assert; and (3) Plaintiff failed to include a statement of counsel in accordance with Rule 11(b)(2). In addition, the record reflects a pattern of contumacious conduct by Plaintiff in filing a series of amended complaints that did not address the deficiencies raised by HCDE's motions to dismiss or respond to the arguments raised in HCDE's motions to dismiss. Lesser sanctions would be ineffective because the court already

gave Plaintiff clear instructions regarding what would be necessary to avoid dismissal, and Plaintiff did not take advantage of the opportunity. Moreover, it appears that Plaintiff is unable or unwilling to cure the deficiencies in his 3rd Amended Complaint because he did not respond to the pending Motion to Dismiss.

Dismissal of Plaintiff's 3rd Amended Complaint with prejudice pursuant to Rule 12(b)(6) is also warranted. The court has already determined that the 2nd Amended Complaint was insufficient to state a claim for relief under Federal Pleading Standards. The legal citations and factual allegations contained in the 3rd Amended Complaint are identical to those in the 2nd Amended Complaint.[15] The court is not required to give Plaintiff yet another opportunity to replead under these circumstances. _Wiggins_, 710 F. App'x at 627.

---

[15]The only apparent difference between the 2nd and 3rd Amended Complaints is the addition of the following paragraph:

> Allan Lovett is in a conundrum. The employer was wise and smart enough NOT to fire Mr. Lovett, but to keep him out of the school, gym, and Principal Trevino's way! This tactic has allowed the employer to assert, quite forcefully by the way, that Mr. Lovett's claims are nonsensical, not severe enough, nor persuasive enough, (_Burlington Industries, Inc. v. Ellerth_, 524 U.S. 742 (1998) not policy neutral, and not actionable-essentially Mr. Lovett has had his claim and damages paid to him/addressed before the school year ended. But Mr. Lovett did such a tangible loss, in addition to equitable damages—he was not rehired, and he was eligible. But for the employer's conduct, Mr. Lovett could have been hired again for the next school year.

Docket Entry No. 19, p. 6 ¶ 27. This adds nothing of legal or factual significance to Plaintiff's claims.

## IV. Conclusion and Order

For the reasons set forth above, Harris County Department of Education's Motion [to] Dismiss and Strike Plaintiff's Third Amended Complaint Pursuant to Rules 15(a)(2) and 41(b) (Docket Entry No. 21) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, this 27th day of September, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE